# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| VALERIE TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 7:09cv113 | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) By: Michael F. Urbanski | |
| Commissioner of Social Security, ) United States Magistrate Judge | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Valerie Todd ("Todd") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits under the Social Security Act (the "Act"). Todd seeks an award of disability benefits based on impairments related to her back pain, depression, and diabetic neuropathy with a disability onset date of December 16, 2004. In this appeal, Todd claims that the Commissioner erred by not including any reference to her depression in hypothetical questions posed to the Vocational Expert ("VE"); failing to appropriately consider impairment to her ability to engage in fine manipulation due to her diabetic neuropathy; improperly questioning the vocational expert about light, as opposed to sedentary work; and failing to ask the VE whether the jobs identified by him at the administrative hearing were consistent with the Dictionary of Occupational Titles. Review of the administrative record confirms that the Commissioner appropriately considered all of Todd's impairment, and the decision not to award benefits is supported by substantial evidence. As such, it is **RECOMMENDED** that the Commissioner's decision be affirmed.

**I**

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II

On the date of the Administrative Law Judge's ("ALJ") decision, Todd was 44 years old. Todd was only educated through the 8th grade, and although she took classes to obtain a General Equivalency Diploma, she never completed them. (Administrative Record, hereinafter "R." 593-94.) Todd's work history consists of short stints as a housekeeper, dietary aide, presser and

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

3

restaurant cashier. (R. 595-99.) Her application for benefits was rejected by the Commissioner initially and again upon reconsideration. An administrative hearing was convened before an ALJ on October 17, 2006. (R. 590.) In determining whether Todd was disabled under the Act, the ALJ found that her back disorder, hypertension, diabetes mellitus and migraine headaches were severe impairments. (R. 18.) While Heading 3 on page 3 of the ALJ's decision states that Todd's depressed mood was also a severe impairment (R. 18), the body of the opinion concludes otherwise. There the ALJ addressed at length that Todd suffered from depressive disorder and an anxiety disorder, concluding however that "these impairments cause minimal functional limitations when completing work-like activities; and are considered non-severe." (R. 21.) The ALJ found that Todd retained the RFC to perform a significant amount of work at the sedentary level of exertion (R. 21), and that there were jobs that existed in the national economy that Todd could perform. (R. 22-23.) Thus, she was found not to be under a disability.

Todd sought review by the Appeals Council, which denied his request for review on February 18, 2009. This appeal was filed in federal court on April 6, 2009. Todd filed a motion for summary judgment on August 24, 2009, and the Commissioner countered with his own summary judgment motion on October 22, 2009. Oral argument on the hearing was held on February 10, 2010, and additional briefing was filed thereafter.

### III

Todd first argues on appeal that the ALJ failed to include any reference to her depression in a hypothetical question posed to the VE. The purpose of taking evidence from a VE at the administrative hearing is to determine whether there is work available in the national economy which a claimant can perform. In order for this testimony to be helpful, it must be based on consideration of all other evidence in the record and must be in response to proper hypothetical

questions which fairly set out all of the claimant's impairments.  Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).  Todd's argument is wrong for two reasons.  First, its factual premise is flawed.  Contrary to Todd's argument, the hypothetical posed to the VE by the ALJ actually does include limitations posed by her "depressed mood."  (R. 608.)  Second, as noted above, the ALJ did not consider Todd's depression and anxiety to present more than a minimal functional limitation and were therefore non-severe.  (R. 21.)  Very few of Todd's medical records relate to her claimed depression and anxiety.  The records that refer to anxiety or depression do so in the context of family and situational stressors occurring in her life at that time.  (R. 192-98.)  There are no opinions from any treating medical providers indicating that Todd has any functional limitations from her depression or anxiety.  A Psychiatric Review Technique completed by psychologist Louis A. Perrott on August 16, 2005 noted her depression and anxiety, but found them not to be severe, noting only mild limitations in her activities of daily living.  (R. 430, 433, 435, 440).  This opinion was confirmed on reconsideration by psychologist E. Hugh Tenison.  In short, there is no support for the proposition that Todd's depression and anxiety constitute a severe impairment.  Even so, the record reflects that the ALJ considered all of Todd's impairments and posed to the VE an appropriate hypothetical question.  As such, the ALJ's decision falls well within the analytical framework set out in Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

IV

Todd also argues that the ALJ failed to appropriately consider an impairment to her ability to engage in fine manipulation due to her diabetic neuropathy.  However, Todd did not claim disability based on her inability to engage in fine manipulation of her hands due to diabetic neuropathy, nor has any treating physician placed any limitation on her due to such a concern.

For example, Todd made no mention of any concern with her hands or fine manipulation at the administrative hearing when asked specifically about her impairments. Likewise, Todd's disability application materials focus on the pain in her lower back and legs. (R. 61, 70, 75.) While her disability application materials mention her diabetes, no mention is made of any problems with fine manipulation of her hands. On this record, there is no basis for Todd's argument that the Commissioner improperly disregarded her fine motor issue, as the administrative record makes it clear that she had not raised this as a disabling impairment before the Commissioner.

V

Todd further argues that the ALJ improperly questioned the VE about lifting levels associated with light work, and that this questioning contradicts the ALJ's finding that Todd could only function at the sedentary level of exertion. Todd argues that while sedentary work generally involves lifting no more than ten pounds, the hypothetical question posed to the VE contained a lifting level to twenty pounds, generally associated with light work. See 20 C.F.R. §§ 404.1567(b), 416.967(b). As such, Todd argues that the ALJ's hypothetical question runs afoul of the requirement of Walker v. Bowen that a hypothetical question posed to the VE track the claimant's specific limitations. 889 F.2d at 50-51. Todd's argument is without merit. First, the hypothetical question posed to the VE containing the 20 pound lifting restriction is supported in the record as it is based on the RFC established by Dr. Shahane, the state agency physician. (R. 423.) Todd cites no RFC in the record suggesting a lower lifting limitation, nor is there one. Second, all of the jobs identified by the VE were sedentary in exertional level. (R. 608-09.) Therefore, the sedentary RFC found by the ALJ is consistent with the jobs identified by the VE. Simply because the hypothetical question posed to the VE contains a greater lifting level does

not call into question a conclusion consistent with the VE's testimony that Todd can perform work at the sedentary level.

## VI

Todd's final argument is that the ALJ failed to ask the VE at the hearing whether the jobs identified by the VE are consistent with information contained in the Dictionary of Occupational Titles ("DOT"). Social Security Ruling 00-4p states as follows:

> Occupational evidence provided by a VE or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT [Dictionary of Occupational Titles]. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.

This case presents no violation of SSR 00-4p. First, contrary to Todd's argument, the ALJ expressly asked the VE to "tell me if your testimony does not conform to the Dictionary of Occupational Titles." (R. 607.) Second, Todd has not identified any conflict between the evidence presented by the VE and the DOT. To be sure, where an "apparent unresolved conflict" exists, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony. See, e.g., English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993) (holding it is improper for the Commissioner to rely on vocational testimony based on outdated edition of DOT). Here, however, Todd has not identified any conflict between the VE's testimony and the DOT. As such, her argument has no merit.

## VII

There are no disability opinions in the administrative record suggesting that Todd is disabled from all forms of substantial gainful activity. During the course of the administrative process, state agency physicians reviewed her physical and mental residual functional capacity

7

and determined that she retained the ability to perform substantial gainful activities. On August 16, 2005, Dr. Shirish S. Shahane determined that Todd could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about four hours, and sit for six hours. (R. 423.) Dr. Shahane noted that Todd needed to avoid climbing and hazards such a heights and machinery, but noted no other functional limitations. (R. 424-25.) Dr. Frank M. Johnson reached the same conclusions on reconsideration on November 14, 2005. (R. 426.) Likewise, a Psychiatric Review Technique performed by Dr. Lewis A. Perrott, and confirmed by Dr. E. Hugh Tennison, found no serious mental impairment. (R. 430-43.) On this record, it is clear that Todd has not met her burden of establishing that she is disabled. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## VIII

At the end of the day, it is not the province of the court to make a disability determination. It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence, and, in this case, substantial evidence supports the ALJ's decision. In recommending that the final decision of the Commissioner be affirmed, the undersigned does not suggest that Todd is free from all of her back pain. Careful review of the medical records compels the conclusion that Todd has not met her burden of establishing that she is totally disabled from all forms of substantial gainful employment. The ALJ properly considered all of the subjective and objective factors in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence.

The Clerk is directed to transmit the record in this case to Hon. James C. Turk, Senior United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are

8

entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof.  Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 637(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The clerk is also directed to send a copy of this Report and Recommendation to all counsel of record.

Entered: June 18, 2010.

/s/ Michael F. Urbanski

Michael F. Urbanski
United States Magistrate Judge